## CIRCUIT COURT OF ARLINGTON COUNTY

Grant K. Gibson

v.

Ritz-Carlton Hotel et al.

January 6, 1998

Case No. (Law) 94-71

BY JUDGE BENJAMIN N. A. KENDRICK

On September 19, 1997, this Court heard oral argument on defendant Carrallerro's Motion to Quash Service of Process and/or to Dismiss. After having heard argument, the Court instructed counsel for plaintiff to submit an affidavit on the issue of service of process and took this matter under advisement. The Court has received memoranda from both sides. For the reasons stated below, the Court will sustain defendant's Motion to Quash.

Plaintiff filed his Motion for Judgment *pro se* on January 24, 1994. Defendant Julien Carrallerro was named as a defendant. On January 20, 1995, a "Draft of Amended Complaint" was filed by the plaintiff. He then filed on January 25, 1995, a "Motion for Leave to Amend Motion for Judgment" and "Amended Motion for Judgment." According to an Affidavit of Service (filed with this Court on March 8, 1995), a private process server personally served Carrallerro with the "Notice of Motion for Judgment, Motion for Judgment, Motion for Leave to Amend Motion for Judgment, and Application to Compel Arbitration" on January 26, 1995, in Dana Point, California. This was two days after the expiration of the one-year period within which the original Motion for Judgment was to have been served on him, pursuant to Rule 3:3.

Leave of this Court was never granted to plaintiff to allow filing of the Amended Motion for Judgment; as such, this Court will only consider whether Carrallerro was properly served with the original Motion for Judgment filed on January 24, 1994. Carrallerro argues that because: (1) personal service on this non-resident defendant is the equivalent of an order of publication, which is insufficient to confer in personam jurisdiction; and (2)

plaintiff failed to perfect service within a year of filing, then any "service" on Carrallerro was improper and should be quashed. Plaintiff argues that the Court should excuse the lateness of service due to plaintiff's initial *pro se* status and his belief that this suit would eventually be arbitrated. Specifically, plaintiff argues that the Court should find this lateness constituted "excusable neglect" as established by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380 (1993), thus permitting the late service of process. Faultless omissions to act and omissions caused by carelessness were considered by the U. S. Supreme Court in *Pioneer* to be excusable neglect.

The Court finds that the plaintiff has not shown the "excusable neglect" that *Pioneer* envisioned. Plaintiff argues that he should not be penalized for his failure to timely serve because he believed his lawsuit was a vehicle to arbitration of his claim. However, this Court held that plaintiff waived any right he had to arbitration when he filed this lawsuit. The filing of a Motion for Judgment is indicative of a plaintiff's intention to seek a judicial remedy for an alleged injury. Therefore, the Court expects a plaintiff to adhere to all procedural requirements, including those involving service of process. To argue that plaintiff did not intend to prosecute his claim in court unless arbitration was denied is not neglectful or careless; it is an intentional act, a risk the plaintiff took and lost. When the Motion for Judgment was filed, plaintiff was expected to adhere to all relevant time constraints; his failure to do so does not constitute "excusable neglect" that would allow the Court to find that the defendant was validly served.